IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES K. LACKIE, | § | |
|    *Plaintiff* | § | |
| | § | |
| v. | § | CASE NO. 3:17-cv-00377-L |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
|    *Defendant* | § | |

**DEFENDANT'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**

      Defendant, PHH Mortgage Corporation, files this Motion for Judgment on the Pleadings (the "Motion") pursuant to Federal Rule of Civil Procedure 12(c) and provides the following in support of this Motion.

**I.**
**STATEMENT OF THE CASE**

      1.    Plaintiff filed this suit and concomitant request for injunctive relief to delay the valid foreclosure against his property for failure to repay a loan as agreed by Mr. Andrew Primm. Plaintiff makes the allegation that Defendant failed to provide a notice regarding the approval or non-approval of his loan modification request as required by federal law. Plaintiff, however, fails to plead any damages resulting from the alleged violation, or facts that demonstrate Plaintiff was entitled to a determination notice, or other information concerning the loan in Mr. Primm's name. Plaintiff has not pled any claim for which relief can be granted and his claims should be dismissed.

## II.
## RULE 12 STANDARD OF DISMISSAL

2.      A court may hear a party's motion for judgment on the pleadings after the pleadings are closed.  FED. R. CIV. P. 12(c). [1] In deciding a Rule 12(c) motion, the Court applies the same standard as that used in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002)).  "The central issues is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."  *Id.* (quoting *Great Plains Trust Co.,* 313 F.3d at 312).

3.      Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcraft v. Iqbal*, 1556 U.S. 662, 678 (2009). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must . . . raise a right to relief above the

---

[1] Plaintiff filed his Petition on August 23, 2017.  Defendant filed its Answer on September 1, 2017.  The case was removed to this Court on September 1, 2017.  Accordingly, as of the date this motion is filed, the pleadings are closed for purposes of Rule 12(c).  *Dorwood v. Ramirez*, 2009 U.S. Dist. LEXIS 77710, *67-68 (N.D. Tex. 2009); *Nortel Networks Ltd. v. Kyocera Wireless Corp.*, 2002 U.S. Dist. LEXIS 17845 at n.1 (N.D. Tex. 2002).

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 500 U.S. at 555; *see also Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Culliver v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 500 U.S. at 558). Plaintiff's Petition falls well short of the minimum pleading requirements and should be dismissed pursuant to Rule 12(b)(6).

### III.
### DISMISSAL OF ALL CLAIMS IS WARRANTED

**A.     Plaintiff lacks standing to assert civil liability pursuant to any RESPA claim.**

4.     Regulation X provides that "[a] borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f))." 12 C.F.R. § 1024.41(a). Pursuant to 12 U.S.C. § 2605(f) of RESPA, "[w]hoever fails to comply with any provision of this section shall be liable **to the borrower**." "Thus, a defendant's liability in a civil action under RESPA is limited to borrowers." *Correa v. BAC Home Loans Servicing LP*, 853 F. Supp. 2d 1203, 1207 (M.D. Fla. 2012); *see also Leblow v. BAC Home Loans Servicing LP*, No. 1:12-cv-00246-MR-DLH, 2013 U.S. Dist. LEXIS 74616, 2013 WL 2317726, at *7 (W.D.N.C. May 28, 2013) ("Pursuant to the express language of the statute, civil liability under RESPA is limited to borrowers.")(citations omitted).

5.     Plaintiff, however, is not a borrower conceding only Mr. Primm executed the Home Equity Promissory Note.[2] This fact is further established by a copy of the Home Equity Promissory Note attached hereto as Exhibit A, which is referenced by, and central to Plaintiff's

---

[2] Doc. 1-1 at ¶ 6.

Petition.³

6.   Numerous courts have addressed this issue and determined that only individuals who execute a promissory note are "borrowers" with standing to bring RESPA claims. *See e.g. Nelson v. Nationstar Mortgage, LLC*, No. 7:16-CV-00307-BR, 2017 U.S. Dist. LEXIS 45276, at *8 (E.D. N. Car. March 28, 2017); *Sharp v. Deutsche Bank Nat'l. Trust Co.*, Civil No. 14–CV–369–LM, 2015 WL 4771291, at *4-6 (D. N.H. Aug. 11, 2015)(because Plaintiff "does not allege that he was a borrower on the loan and, indeed, the promissory note does not bear his signature," he lacked standing to assert a claim under 12 U.S.C. § 2605(f)); *Cooper v. Fay Servicing, LLC*, 1:15-CV-100, 2015 WL 4470213, at *7 (S.D. Ohio July 17, 2015)(where husband and wife were both on mortgage, but only husband and not wife signed the note, husband was the sole borrower and wife lacked standing under RESPA to bring her claim).

7.   Even those claiming an ownership interest in the property or who claim status as a *borrower* because they signed a deed of trust or other security agreement lack standing to assert RESPA claims if they did not sign the promissory note. *Leblow v. BAC Home Loans Servicing, LP*, No. 1:12–cv–00246–MR–DLH, 2013 WL 2317726, at *7 (W.D. N.C. May 28, 2013)(finding that, even though both spouses signed deed of trust, spouse who did not sign the note lacked standing to assert a RESPA claim because she was not a borrower); *Singh v. Wells Fargo Bank N.A.*, No. Civ 2:11–cv0401–GEB–JFM (PS), 2011 WL 2118889, at *4 (E.D. Cal. May 27, 2011)(holding that the RESPA claim must fail because plaintiff, despite being listed as borrower on the deed of trust, was not a borrower on the loan and lacked standing as he did not sign the promissory note); *Thomas v. Guild Mortg. Co.*, No. CV 09–2687–PHX–MHM, 2011

---

³ *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)(approving the district court's consideration of documents the defendant attached to a motion to dismiss that are referred to in the plaintiff's complaint and are central to the plaintiff's claim."); *see also Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)(citing *Collins*, 224 F.3d at 498-99).

WL 676902, at *4 (D. Ariz. Feb. 23, 2011)(holding a homeowner that is not a party to a mortgage loan cannot assert RESPA claims).

8. Courts have further addressed the exact argument advanced by Plaintiff and determined that where a plaintiff claims to be a borrower as the successor in interest to a deceased borrower the plaintiff lacks standing to bring RESPA claims where they did not sign a promissory note. *Nelson*, 2017 U.S. Dist. LEXIS 45276, at 7-8 (finding daughter who inherited property purchased by her father prior to his death was not a borrower and lacked standing to bring RESPA claims); *Green v. Cent. Mortg. Co.*, No. 14-cv-04281-LB, 2015 U.S. Dist. LEXIS 117241, 2015 WL 5157479, at *5 (N.D. Cal. Sept. 2, 2015) (finding that plaintiff, who obtained property subject to mortgage as a result of her parents' death, did not become a borrower under RESPA simply upon obtaining title to the property).

9. Plaintiff does not and cannot plead he is a borrower. He lacks standing to bring any claim under RESPA. Plaintiff cannot plead any claim for which relief can be granted and his claims must be dismissed pursuant to Rule 12(c).

**B.     There is no private right of action for violation of 12 C.F.R. § 1024.38.**

10. Congress enacted the Real Estate Settlement Practices Act ("RESPA") to ensure that mortgage servicers provide timely and accurate information to borrowers. *See* 12 C.F.R. § 1024.38(b). Even though Congress granted the CFPB broad authority to promulgate regulations under RESPA, the CFPB's authority is not unlimited. *See* 12 U.S.C. § 2617(a); 12 C.F.R. § 1024.1. The CFPB may issue regulations, but it may not generate new private rights; it may only invoke existing statutory rights. *See Alexander v. Sandoval*, 532 U.S. 275, 291 (2001)(holding that a regulatory agency may not create a right that Congress has not); *see also Smith v. Nationstar Mortgage*, No. CV 15-13019, 2015 U.S. Dist. LEXIS 154344, 2015 WL 7180473, at

*4 (E.D. Mich. Nov. 6, 2015).

11. RESPA does not create a private right of action to enforce Section 1024.38(b). *Longmire v. Wells Fargo Bank, N.A.*, No. 3:16-cv-2367-M-BN, 2017 U.S. Dist. LEXIS 149241 (N.D. Tex. Aug. 16, 2017); *Dixon v. Ocwen Loan Servicing, LLC*, No. 3:16-CV-2094-G, 2016 U.S. Dist. LEXIS 146949, at *7 (N.D. Tex. Oct. 24, 2016); *see also Smith v. Nationstar Mortg.*, No. 15-13019, 2015 U.S. Dist. LEXIS 154344, 2015 WL 7180473, at *3-*4 (E.D. Mich. Nov. 11, 2015)(finding that violations of Section 1024.38 do not create a private cause of action); *Sharp v. Deutsche Bank Nat'l Trust Co.*, No. 14-cv-369-LM, 2015 U.S. Dist. LEXIS 105968, 2015 WL 4771291, at *6-*7 (D.N.H. Aug. 11, 2015) (same). Plaintiff cannot plead any claim under § 1024.38(b) for which relief can be granted, and these claims must be dismissed pursuant to Rule 12(c).

**C.   12 C.F.R. § 1024.41 requires dismissal of Plaintiff's claims**

12. Section 1024.41 provides that if a servicer receives a loss mitigation application forty-five days or more before a foreclosure sale, the servicer shall review the application for completeness and notify borrowers of loss mitigation options that may be available to them. *See* 12 C.F.R. § 1024.41(i). The regulations further state:

> "A servicer is only required to comply with the requirements of this section **for a single complete loss mitigation application** for a borrower's mortgage loan account." 12 C.F.R. 1024.41(i)(emphasis added).

13. Plaintiff's Petition states he submitted a loan modification package for review in September 2015.[4] Nothing in Plaintiff's Petition allows the Court to infer that this suit concerns Plaintiff's first loan modification request. Courts in this district, and other districts, hold that failure to plead the subject loan modification request is the borrower's first request is fatal to Plaintiff's claims. *Allen v. Wells Fargo Bank*, No. 3:16-CV-0249-D, 2017 U.S. Dist. LEXIS

---

[4] Doc. No. 1-1 at ¶ 13.

125597, at *8-9 (N.D. Tex. Aug. 9, 2017)("[T]he court agrees with Wells Fargo's position and holds that, under § 1024.41(i), '[a] servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account,' even if the borrower's prior application was made before the regulation took effect on January 10, 2014 . . . The court therefore grants Wells Fargo's motion to dismiss this claim."); *Higginbotham v. Indymac Bank, F.S.B.*, No. 4:17-CV-00229, 2017 U.S. Dist. LEXIS 96501, at *11 (E.D. Tex. June 1, 2017)("Section 1024.41 'only appl[ies] to a borrower's first loss mitigation application.' Notwithstanding Plaintiff's other pleading defects, Plaintiff has not properly alleged that he is asserting a claim based upon his first loss mitigation application . . ."); *Jones v. Select Portfolio Servicing*, No. 3:16-cv-2331-K-BN, 2016 U.S. Dist. LEXIS 153516, at *16 (N.D. Tex. Oct. 12, 2016)("Defendants correctly note that Section 1024.41 'only appl[ies] to a borrower's first loss mitigation application.' Nothing in Plaintiff's Petition allows the Court to infer that this suit concerns Plaintiff's first loan modification request . . . The undersigned therefore concludes this claim should thus be dismissed . . .")

14. Like the pleadings in *Allen*, *Higginbotham* and *Jones*, Plaintiff's Petition fails to assert that the loan modification request at issue was Plaintiff's first loss mitigation request. Consequently, Plaintiff has not pled any claim for which relief can be granted and his claims must be dismissed for failure to state a claim for which relief can be granted.

**D.    Plaintiff fails to adequately plead for relief allowed by § 1024.41.**

15.    <u>No pleading in support of actual damages</u>. Plaintiff also fails to adequately plead how he suffered actual damages as a result of Defendant's alleged failure to comply with Section 1024.41. Section 1024.41 is actionable under See 12 C.F.R. § 1024.41. ("A borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. [§] 2605(f)").

To state a claim under § 2605, "a plaintiff must allege actual damages resulting from a violation of [Section] 2605." *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 627 (S.D. Tex. 2010)(citing 12 U.S.C. § 2605(f)(1)(A)); *see Kareem v. Am. Home Mortg. Servicing, Inc.*, 479 F. App'x 619, 620 (5th Cir. 2012)(finding the plaintiff could not recover under Section 2605 because "even if [the Court] assume[d] that he did not receive the notice, he [did] not explain what actual damages he suffered").

16.     As the basis for his actual damages assertion, Plaintiff states he "expended significant time trying to confirm the status of the loss mitigation request and estimates he has lost income and incurred expenses in the approximate amount of $1,000.00."[5] It is clear from Plaintiff's pleadings that the alleged harm –loss of income and expenses –was incurred in applying for and/or monitoring the loan modification, and was not the result of an alleged violation of § 1024.41.

17.     Because the alleged injuries were incurred prior to the alleged violation, they cannot be the result of the alleged violation. Plaintiff failed to plead any facts in support of his claim that he sustained damages as a result of Defendant's alleged violation, and his claims must be dismissed.

18.     <u>No pleading to support statutory damages</u>. Plaintiff also asserts a right to "statutory damages."[6] Section 2605 allows plaintiffs to recover statutory damages when the defendant engages "in a pattern or practice of noncompliance . . ." 12 U.S.C. § 2605(f)(1)(B). Plaintiff does not plead any facts in support of an implied claim that Defendant has engaged in a pattern or practice of noncompliance. As a result, Plaintiff's claims must be dismissed for failure to state a claim for which relief can be granted. *Allen*, 2017 U.S. Dist. LEXIS 125597, at *9

---

[5] Doc. No. 1-1 at ¶ 21.
[6] Doc. No. 1-1 at ¶ 22.

(dismissing claim for statutory damages where defendants "have not alleged a pattern or practice of misconduct, as required for statutory damages").

## A.   Plaintiff's request for declaratory judgment must be denied

19.   <u>No viable claim to support declaratory relief</u>. Because this action was removed from state court, "the action may be construed as one brought under the federal Declaratory Judgment Act." *Hurd v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1752-M, 880 F. Supp. 2d 747, 2012 U.S. Dist. LEXIS 44937, 2012 WL 1081994, at *17 (N.D. Tex. Mar. 12, 2012), *report and recommendation accepted by* 880 F. Supp. 2d 747, 2012 U.S. Dist. LEXIS 44928, 2012 WL 1106932 (N.D. Tex. Mar. 29, 2012).

20.   The Federal Declaratory Judgment Act ("FDJA") allows a federal court to declare the rights and legal relations of an interested party. *Hurd*, 2012 U.S. Dist. LEXIS 44937, 2012 WL 1081994, at *17. The availability of a declaratory judgment, however, "presupposes the existence of a judicially remediable right." *Schilling v. Rogers*, 363 U.S. 666, 677, 80 S. Ct. 1288, 4 L. Ed. 2d 1478 (1960).

21.   Like the TDJA, the FDJA is a procedural device that creates no substantive rights. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41, 57 S. Ct. 461, 81 L. Ed. 617 (1937). Consequently, the FDJA provides no relief unless Plaintiff pleads a viable substantive claim against Defendant. *See id.* Because Plaintiff fails to state any claim for relief, and all of his claims must be dismissed, there is no underlying claim to support Plaintiff's request for declaratory relief. Like the other claims, Plaintiff's declaratory judgment request must be dismissed for failure to state any claim for which relief can be granted.

22.   <u>Plaintiff is not entitled to the declarations requested</u>.   Plaintiff further seeks declarations which are contrary to Texas law. Specifically, Plaintiff contends he was entitled to

notice of default as an owner of the Property. Texas law is clear –only the "debtor is entitled to notice of default. TEX. PROP. CODE § 51.002(d). As detailed herein, Plaintiff did not sign the promissory note, is not a borrower, and is not a debtor entitled to notice under § 51.002(d) of the Property Code. Plaintiff is not entitled to the requested declaration, and his claims should be dismissed.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, PHH Mortgage Corporation respectfully prays that this Court dismiss Plaintiff's causes of action with prejudice, and grant Defendant such other relief, in law or in equity, to which it shows itself justly entitled.

Respectfully submitted,

By:     /s/ Philip C Reeves
Philip C. Reeves
Texas Bar No. 24065959
ShapiroSchwartz, LLP
13105 Northwest Freeway, Suite 1200
Houston, Texas  77040
Telephone:  (713) 462-2565
Facsimile:  (847) 879-4854
Email:  phreeves@logs.com

Attorneys for PHH Mortgage Corporation

## CERTIFICATE OF SERVICE

      I hereby certify that on this 27th day of October, 2017, a true and correct copy of the foregoing was sent to:

    D. Kimberli Wallace
    D. Kimberli Wallace, PLLC
    9500 Ray White Road, Suite 200
    Fort Worth, Texas  76244
    *Via Facsimile to (817) 953-7000*

                                                    /s/ Philip C. Reeves_____
                                               Philip C. Reeves