IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES K. LACKIE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-CV-377-BT |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant PHH Mortgage Corporation's Motion for Judgment on the Pleadings (ECF No. 11). For the reasons stated, the Motion is GRANTED.

### **Background**

This removed civil action arises out of foreclosure proceedings initiated against real property located in Dallas, Texas (the "Property"). Pl.'s Original Pet. ¶¶ 6-16 (ECF No. 1-1). In his Original Petition filed in the 95th Judicial District Court, Dallas County, Texas, Plaintiff James K. Lackie states that he is the owner the Property. *Id.* ¶ 6. Plaintiff alleges that on January 11, 2008, Andrew W. Primm ("Primm") signed a Texas Home Equity Note (the "Note") in favor of MetLife Bank, N.A. ("MetLife"), and that the Note is secured by a Texas Home Equity Security Instrument (the "Security Instrument") covering the Property, for MetLife's benefit. *Id.* ¶¶ 7, 8; *see also* Def.'s Mot., Ex. A at 1-5. Plaintiff further alleges that both he and Primm executed the Security Instrument. *Id.* ¶ 9.

At some point after Primm signed the Note, he died. *See Id.* ¶ 11. Plaintiff allegedly informed Defendant of Primm's death and of Plaintiff's interest in the Property and requested a loan modification, but Defendant failed to approve or deny his application. *Id.* ¶¶ 12, 13. Plaintiff further alleges that Defendant refuses to acknowledge Plaintiff has any ownership interest in the Property. *Id.* ¶ 14. Plaintiff claims he has expended time trying to confirm the status of the loan modification application and estimates he has lost income and incurred expenses totaling approximately $1,000.00. *Id.* ¶ 15. Plaintiff claims that Defendant posted the Property for a foreclosure sale that was to occur on February 17, 2017. *Id.* ¶ 17. Plaintiff contends that Defendant's foreclosure posting was improper because Defendant failed to communicate with Plaintiff, as the borrower's successor in interest. *Id.* ¶ 20. Plaintiff further contends that Defendant failed to properly respond to Plaintiff's loan modification application. *Id.* ¶ 25.

Based on these allegations, Plaintiff filed a lawsuit asserting claims against Defendant for violations of 12 C.F.R. §§ 1024.38 and 1024.41. In addition, Plaintiff seeks a judicial declaration that (1) Plaintiff has an ownership interest in the Property and therefore has the right to make payments on the Note and to communicate with any valid mortgagee or mortgage servicer, and (2) Defendant did not provide Plaintiff with proper notice and an opportunity to cure any default under the Note.

After removal, Defendant filed its Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c). Plaintiff failed to file a response to the Motion. The Court therefore considers Defendant's Motion without the benefit of a response.

## Legal Standard

"The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) challenge, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must "'raise [the plaintiff's] right to relief above the speculative level,'" but they do not need to be detailed. *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016) (citing *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 417 (5th Cir. 2010). When evaluating a Rule 12(b)(6) motion, the court's review is limited to the live complaint, any documents attached to that complaint, and any documents attached to the motion to dismiss that are "central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

## Analysis

Plaintiff asserts claims against Defendant for violations of 12 C.F.R.

§§ 1024.38 and 1024.41—regulations promulgated under the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2605(f). Defendant moves to dismiss arguing Plaintiff has failed to plead fact to show he has standing to assert a claim for civil liability under RESPA. Def.'s Mot. 3.

RESPA is a consumer protection statute that aims to promote transparency and communication between borrowers and lenders. Among other things, the statute sets out specific notice and disclosure requirements with which servicers of federally-related mortgage loans must comply. 12 U.S.C. § 2605. Servicers who fail to comply with these requirements are liable to borrowers for any actual damages incurred by the borrowers because of such failure. 12 U.S.C. § 2605(f)(1)(A).

Plaintiff alleges that Defendant violated 12 C.F.R. § 1024.38 by failing to communicate with Plaintiff about the Note and his request for a loan modification, despite Plaintiff submitting proof of Primm's death and of Plaintiff's legal interest in the Property.[1] Pl.'s Original Pet. ¶ 20. Even accepting Plaintiff's allegations as true, Plaintiff has failed to state a claim for relief because RESPA does not create a private right of action to enforce § 1024.38. *Longmire v. Wells Fargo Bank, N.A.,* 2017 WL 4075187, at *3 (N.D. Tex. Aug. 16, 2017), *rec. adopted*, 2017 WL 4022888 (Sept. 13, 2017); *Smith v. Nationstar Mortg.*, 2015 WL 7180473, at *3-*4 (E.D. Mich. Nov. 11, 2015) (finding that violations of

---

[1] Section 1024.38 sets forth servicing policies, procedures, and requirements, including requirements for "[p]roperly evaluating loss mitigation applications." 12 C.F.R. § 1024.38(b)(2).

Section 1024.38 do not create a private cause of action); *Sharp v. Deutsche Bank Nat'l Tr. Co.*, 2015 WL 4771291, at \*6-\*7 (D.N.H. Aug. 11, 2015) (same). Indeed, the Consumer Financial Protection Bureau purposefully restructured the final rule to eliminate private liability for violations of § 1024.38:

> allowing a private right of action for the provisions that set forth general servicing policies, procedures, and requirements would create significant litigation risk … [S]upervision and enforcement by the Bureau and other Federal regulators for compliance with and violations of § 1024.38 respectively, would provide robust consumer protection without subjecting servicers to the same litigation risk and concomitant compliance costs as civil liability for asserted violations of § 1024.38.

Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X), 78 Fed. Reg. 10696, 10778–79 (Feb. 14, 2013). In the absence of a private right of action, Plaintiff cannot plead a claim under § 1024.38. Therefore, Plaintiff's claims under that section are dismissed with prejudice.

Plaintiff also alleges Defendant violated 12 C.F.R. § 1024.41 by failing to timely and properly review his loan modification application before it initiated foreclosure proceedings.[2] Pl.'s Original Pet. ¶¶ 22-26. Unlike § 1024.38, § 1024.41 does provide for a private right of action. Specifically, the regulation provides "[a] borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f))." 12 U.S.C. § 1024.41(a). Pursuant to the express

---

[2] Section 1024.41 specifies procedures and timing for reviewing loss mitigation applications, including, among other things, requiring the servicer to promptly review a loss mitigation application received in advance of a foreclosure sale, and to notify the borrower in writing which loss mitigation options, if any, it will offer the borrower, or the specific reasons for denying the loss mitigation application. *See* 12 C.F.R. § 1024.41(b), (c), (d).

language of the regulation, however, a defendant's liability is limited to "borrowers." *Correa v. BAC Home Loans Servicing LP*, 853 F. Supp. 2d 1203, 1207 (M.D. Fla. 2012); *see also Leblow v. BAC Home Loans Servicing LP*, 2013 WL 2317726 at *7 (W.D.N.C. May 28, 2013). While RESPA does not define the term "borrower," courts have held that the term applies only to a borrower on the loan—that is a person who signed the promissory note or assumed the loan. *See, e.g., Leblow*, 2013 WL 2317726 at *7. An individual who does not sign a promissory note does not qualify as a borrower for purposes of the statute. *See, e.g., Dionne v. Fed. Nat'l Mortg. Ass'n*, 2016 WL 6892465, at *5 (D.N.H. Nov. 21, 2016) (holding that a plaintiff named as a borrower in the mortgage but who did not sign the note lacks standing to pursue a RESPA violation); *Sharp*, 2015 WL 4771291, at *5-6 (same); *Leblow*, 2013 WL 2317726, at *7 (same). Not even a successor in interest to a deceased borrower has standing to bring RESPA claims where the successor in interest did not sign a promissory note. *Nelson v. Nationstar Mortg. LLC*, 2017 WL 1167230, at *3 (E.D.N.C. March 28, 2017) (finding that plaintiff, who obtained property subject to mortgage as a result of her parents' death, did not become a borrower under RESPA simply upon obtaining title to the property); *Green v. Cent. Mort. Co.*, 2015 WL 5157479, at *5 (N.D. Cal. Sept. 2, 2015) (same).

Here, Plaintiff failed to plead he is a borrower or that he signed the Note. *See* Pl.'s Original Pet. ¶¶ 6-18. Plaintiff admits that only Primm executed the Note, and the Note—a copy of which is attached to Defendant's Motion—contains

-6-

only Primm's signature. *Id.* ¶ 7; Def.'s Mot., Ex. A at 5. Thus, even taking as true Plaintiff's allegations that he owned the Property and co-signed the Security Instrument securing the Note, Plaintiff is not a borrower under RESPA. *See, e.g., Dionne*, 2016 WL 6892465, at *5 (holding that a plaintiff named as a borrower in the mortgage but who did not sign the note lacks standing to pursue a RESPA violation). Accordingly, Plaintiff has failed to plead a claim under 12 C.F.R. § 1024.41, and his claim under that regulation must be dismissed with prejudice.

The resolution of these threshold matters in Defendant's favor pretermits the Court's consideration of Defendant's other grounds for arguing that Plaintiff has failed to state a claim for relief.

### Declaratory Relief

Defendant also asks the Court to deny Plaintiff's request for declaratory relief. Def.'s Mot. 9. "[F]ederal law require[s] the existence of a justiciable case or controversy in order to grant declaratory relief." *Val-Com Acquisitions Tr. v. CitiMortgage, Inc.*, 2011 WL 1332039, at *2 (5th Cir. Apr. 7, 2011) (citing *Bauer v. Texas*, 341 F.3d 352, 357-58 (5th Cir. 2003)). In an action where declaratory relief is sought, "the parties litigate the underlying claim, and the declaratory judgment is merely a form of relief that the court may grant." *Id.* Accordingly, when a district court dismisses a plaintiff's RESPA claims for failure to state a claim and that plaintiff has no remaining claims, there are no other underlying claims for which the court can grant declaratory relief. *See id.*

The Court has determined that Plaintiff's RESPA claims should be dismissed with prejudice. Thus, there are no longer underlying claims upon which the Court can grant Plaintiff declaratory relief. The Court therefore dismisses Plaintiff's claim for declaratory relief.

## Conclusion

Defendant's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED, and Plaintiff's claims and causes of action are DISMISSED with prejudice.

September 17, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE